1

2

3

4                   IN THE UNITED STATES DISTRICT COURT

5                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    TRAVELERS INDEMNITY COMPANY OF          )  Case No. 09-3118 SC
     CONNECTICUT; MARINPAK MPK SONOMA,       )
8    INC.,                                   )
                                             )  ORDER DENYING MOTION TO
9              Plaintiffs,                    )  DISMISS THIRD-PARTY
                                             )  COMPLAINT
10        v.                                 )
                                             )
11   COLMA DRAYAGE, INC.; DEVINCENZI         )
     TRUCKING, INC.; FREDRICK SHUMATE        )
12   dba SHUMATE ENTERPRISES, LLC; and       )
     DOES 1-20, inclusive,                   )
13                                           )
               Defendants.                   )
14   _____        )
                                             )
15   DEVINCENZI TRUCKING, INC.,              )
                                             )
16             Third-Party Plaintiff,        )
                                             )
17        v.                                 )
                                             )
18   CARRIX, INC., and its subsidiary,       )
     SSA MARINE INTERNATIONAL,               )
19                                           )
               Third-Party Defendants.       )
20   _____        )

21   I.   **INTRODUCTION**

22        Now before the Court is the Motion to Dismiss Third-Party

23   Complaint ("Motion") filed by third-party defendants Carrix, Inc.,

24   and SSA Marine International (collectively, "Carrix").  Docket No.

25   48.  Carrix seeks to dismiss the Third-Party Complaint filed

26   against them by defendant and third-party plaintiff Devincenzi

27   Trucking, Inc. ("Devincenzi").  Docket No. 36 ("Devincenzi

28   Compl.").  The Motion is fully briefed.  Docket Nos. 62 ("Opp'n"),

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   65 ("Reply").  Having considered the papers submitted by each
2   party, the Court concludes that this matter is appropriate for
3   determination without oral argument.  For the reasons stated below,
4   the Court DENIES Carrix's Motion.

5

6   **II.   BACKGROUND**

7        This suit began with a Complaint in Subrogation filed by
8   Plaintiff Travelers Indemnity Company of Connecticut ("Travelers"),
9   which is the insurer for Marinpak MPK Sonoma, Inc. ("Marinpak"), a
10  food processor located in Sonoma, California.  Docket No. 1
11  ("Travelers Compl.") at 3.  According to Travelers, Marinpak
12  ordered a particular piece of machinery from a French manufacturer
13  that was designed and built to specifications for Marinpak's Sonoma
14  facility.  Id.  The machinery was shipped from France to Oakland as
15  cargo that "consisted of one standard container holding three
16  packed crates and another flat rack container holding two packed
17  crates."  Id.  Travelers states that it successfully arrived in
18  Oakland, California.  Id.

19       After the cargo arrived in Oakland, Marinpak contacted Colma
20  Drayage, Inc. ("Colma"), to secure transportation for the machinery
21  from Oakland to its Sonoma facility.  Id.  According to Travelers,
22  Colma arranged for Devincenzi to pick up and transport the
23  machinery, and Devincenzi in turn arranged for Shumate Enterprises,
24  LLC ("Shumate") to pick up and transport the machinery.  Id.  The
25  machinery was loaded onto a truck.  Id.  While the machinery was
26  being transported by truck from Oakland to Sonoma, one of the
27  crates struck a highway overpass and damaged critical components of
28  the machinery.  Id.  According to the Complaint, Travelers had to

**United States District Court**
For the Northern District of California

pay a total of $764,059.28 to Marinpak to replace the machinery, and Marinpak sustained uninsured business losses totaling $465,276.63.  Id. at 4.  Travelers and Marinpak filed this action against Colma, Devincenzi, and Shumate, alleging violation of the Carmack Amendment, 49 U.S.C. § 14706.

Devincenzi thereafter filed a third-party complaint against Carrix and its wholly-owned subsidiary, SSA Marine International. See Devincenzi Compl. ¶¶ 1-2.  Devincenzi alleges that Carrix provides "marine terminal and transportation services, including such services to some or all of the parties to the [Travelers] Complaint In Subrogation," and that any liability that Devincenzi incurs in the underlying suit is the result of "the active and primary negligence or otherwise wrongful conduct of [Carrix] in connection with the handling of the freight . . . ."  Id. ¶¶ 6, 8. As Devincenzi explains more clearly in its Opposition to Carrix's Motion, Carrix "got the load, including its flat rack, ready to be hooked up to the truck-tractor that was to haul the cargo to Sonoma County.  Once the load was ready to be hauled, Shumate hooked up its truck-tractor and hauled the load away from the Port of Oakland," only to strike a freeway overpass before reaching its destination.  Opp'n at 1-2.

Although this Court clearly has subject matter jurisdiction over Travelers' claim under the Carmack Amendment, Carrix argues that this Court lacks jurisdiction over Devincenzi's third-party complaint for indemnification, on the basis that the complaint involves a separate "occurrence" from the facts that constitute Travelers' Carmack claim.  Mot. at 6-9.  Carrix filed the Motion that is now before the Court to challenge this Court's subject

1   matter jurisdiction over the Devincenzi Complaint.

2

3   **III.  LEGAL STANDARD**

4       As a court of limited jurisdiction, "[a] federal court is

5   presumed to lack jurisdiction in a particular case unless the

6   contrary affirmatively appears." Stock West, Inc. v. Confederated

7   Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).  When a defendant

8   submits a motion to dismiss under Rule 12(b)(1) of the Federal

9   Rules of Civil Procedure, the Plaintiff bears the burden of

10  establishing the propriety of the court's jurisdiction.  See

11  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377

12  (1994).  "A Rule 12(b)(1) jurisdictional attack may be facial or

13  factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th

14  Cir. 2004).  In a facial attack on subject matter jurisdiction, the

15  defendant challenges the basis of jurisdiction as alleged in the

16  complaint.  Id.  In such a case, the court may assume that the

17  factual allegations in the complaint are true, and draw all

18  reasonable inferences in the plaintiff's favor.  See Wolfe v.

19  Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

20

21  **IV.  DISCUSSION**

22      By its Opposition, Devincenzi effectively concedes that there

23  is no basis for subject matter jurisdiction over its third-party

24  Complaint, except through supplemental jurisdiction obtained under

25  28 U.S.C. § 1367(a).  Opp'n at 3.  This Court agrees that

26  Devincenzi's allegations are insufficient to establish diversity

27  jurisdiction, and that the claim does not give rise to a

28  significant federal question.  The Court therefore has jurisdiction

United States District Court
For the Northern District of California

over Devincenzi's claim only if it is "so related" to claims that
are within the original jurisdiction of this Court "that they form
part of the same case or controversy under Article III of the
United States Constitution."  28 U.S.C. § 1367(a).

There is no question that this Court has original jurisdiction
over Travelers' claim against Devincenzi and the other primary
defendants.  This is a claim brought under the Carmack Amendment,
49 U.S.C. § 14706, which "is the exclusive cause of action for
interstate shipping contract claims, and it completely preempts
state law claims alleging delay, loss, failure to deliver and
damage to property."  White v. Mayflower Transit, L.L.C., 543 F.3d
581, 584 (9th Cir. 2008).[1]  This statute holds any carrier or
freight forwarder liable "for the actual loss or injury to the
property" caused by any carrier "whose line or route the property
is transported in," or who received or delivered the property.  49
U.S.C. § 14706(a).

> Carmack effectively codified the strict liability
> rule that governed the liability of common
> carriers at common law.  Once the shipper
> establishes a prima facie case of Carmack
> liability by showing delivery in good condition,
> arrival in damaged condition, and the amount of
> damages, the carrier is liable for the actual
> loss or injury to the property it transports,
> unless there is an available defense.

Sompo Japan Ins. Co. of Am. v. Union Pac. R.R., 456 F.3d 54, 59

---

[1] Although the accident occurred during transportation between
Oakland, California, and Sonoma County, California, "the Carmack
Amendment applies to the inland leg of a [foreign] shipment even if
that leg is fully intrastate."  Chubb Group of Ins. Cos. v. H.A.
Transp. Sys., 243 F. Supp. 2d 1064, 1068 n.3 (C.D. Cal. 2002)
(citing Project Hope v. M/V IBN Sina, 250 F.3d 67, 70-71, 73 (2nd
Cir. 2001)).  In addition, the Court notes that Travelers' claim is
well over the $10,000 jurisdictional minimum set by 28 U.S.C.
§ 1337(a).

(2nd Cir. 2006) (citations and internal quotation marks omitted).

   The question now before the Court is whether Travelers' Carmack claim against Devincenzi and the other defendants "form part of the same case or controversy" as Devincenzi's indemnity claim, which is "predicated on the active and primary negligence or other wrongful conduct" of Carrix.  Put otherwise, this Court will have jurisdiction only if the two claims "derive from a common nucleus of operative fact."  See Carpenters Health & Welfare Trust Fund v. Tri Capital Corp., 25 F.3d 849, 852-53 (9th Cir. 1994) overruled on other grounds by S. Cal. IBEW-NECA Trust Funds v. Std. Indus. Elec. Co., 247 F.3d 920, 928-29 (9th Cir. 2001) (equating standard in 28 U.S.C. § 1367(a) with "common nucleus" standard articulated in United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

   Carrix rests its argument primarily on one case, that of Galt G/S v. Hapag-Lloyd AG, 60 F.3d 1370 (9th Cir. 1995).  Galt was an admiralty action in which Galt, the insurer for Safeway Stores, sued carrier Hapag-Lloyd for damage to 2160 tins of ham that had been transported from Denmark to California.  Id. ¶ 1372.  Safeway did not discover that the ham was frozen and spoiled until well after delivery, and after it had been stored in Safeway's own facilities for more than a week.  Id.  Hapag-Lloyd claimed that none of the carriers could have frozen the ham, and the district court allowed Hapag-Lloyd to bring a third-party claim against Safeway.  Id.  After a bench trial, the district court awarded judgment to Hapag-Lloyd, and the Ninth Circuit reversed, citing the lack of supplemental jurisdiction over Hapag-Lloyd's claim:

      We conclude that the cargo damage claim and the

6

**United States District Court**
For the Northern District of California

1   ancillary   claims   arise   from   different
    occurrences.   The alleged occurrence in the cargo
2   damage claim is whether Hapag-Lloyd or one of the
    carriers mishandled the ham during shipment; the
3   alleged   occurrence   in   the   indemnification   claim
    is   whether   Safeway   stored   the   ham   improperly.
4   The   two   occurrences   are   separated   by   the
    carriers'   relinquishing   control   over   the   hams.
5   They   are   also   separated   in   time.   Accordingly,
    the   district   court   erred   in   exercising   ancillary
6   jurisdiction   over   the   California   indemnification
    claims against Safeway.

7

8   Id. at 1374.

9       According to Carrix, Galt controls the outcome of this Motion

10  because "there can be no legal connection or relationship between

11  [Carrix] 'handling' the cargo, and a motor carrier driving the

12  cargo into a bridge" because "these two discrete occurrences are so

13  far removed in time and in location that they cannot be said to

14  form 'part of the same case or controversy . . . .'"  Mot. at 8-9.

15  This Court disagrees.

16      Galt does prevent this Court from finding that the two claims

17  "form the same case or controversy" on the sole basis that they

18  involve two theories as to the factual cause of a single injury.

19  See 16 James Wm. Moore et al., Moore's Federal Practice § 106.24[6]

20  (3rd ed. 1999) (noting that Galt "seem[s] to reject, or at least

21  ignore, a single-injury approach with regard to multiple

22  causation").  However, Galt does not stand for the proposition that

23  a carrier's claims against a third party will always form a

24  separate case or controversy.  The relationship apparent here,

25  between Devincenzi's claim and Travelers' claim, is stronger than

26  the relationship that existed in Galt, between Hapag-Lloyd's

27  allegations and Galt's allegations.  In Galt, Hapag-Lloyd and Galt

28  each expounded an independent theory as to how the ham was, in

7

**United States District Court**
For the Northern District of California

1   fact, damaged.   The facts necessary to prove one theory (damage in

2   transit) were separate from the facts needed to prove the competing

3   theory (damage in Safeway's storage).   Damage that was caused in

4   storage bore no causal relationship to damage that occurred in

5   transit.   In contrast, both Travelers and Devincenzi allege that

6   Marinpak's machinery was damaged when it hit the overpass.   There

7   is a direct causal link between Carrix's alleged negligence and the

8   event that, all parties agree, caused the injury.   Devincenzi

9   merely alleges an additional link in the causal chain that lead to

10  that injury (i.e., Carrix's negligence), and not an independent

11  chain that preludes Devincenzi's own involvement or liability.

12  This is a claim that a third party's negligence contributed to an

13  injury that clearly occurred during carriage, rather than a claim

14  that a third party's acts independently caused that injury after

15  carriage.   The Court finds that Devincenzi's claim bears "a common

16  nucleus of operative fact" with Travelers' claim, and is related

17  enough to support supplemental jurisdiction over Devincenzi's

18  Complaint.

19      The Court also notes that Carrix's Reply contains a number of

20  arguments that go to the merits of Devincenzi's claim, to show that

21  "Devincenzi has no legal basis to assert a state law indemnity

22  claim against Carrix/SSA for this loss."   Reply at 4-5.   These

23  arguments include citations to the California Vehicle Code and

24  cases applying indemnity principles in similar situations.   Id.

25  These arguments go well beyond the jurisdictional arguments set out

26  in Carrix's initial Motion.   Devincenzi may not, in its Reply,

27  present new arguments that have the effect of converting its

28  12(b)(1) motion into a 12(b)(6) motion.   Devincenzi has had no

United States District Court
For the Northern District of California

1  opportunity to respond to these arguments, and this Court therefore

2  does not consider Carrix's arguments on the merits.

3      Devincenzi has also indicated that it has discovered that "the

4  actual entity in charge of the terminal and dock at the Port of

5  Oakland was a California entity, SSA Terminals (Oakland), LLC," and

6  it has requested leave to file an amended third-party complaint

7  that also names this party as a defendant.  This Court should

8  freely give such leave when justice requires.  Fed. R. Civ. P.

9  15(a)(2).  Carrix's only objection is that amendment would be

10  futile because this Court lacks subject matter jurisdiction over

11  Devincenzi's claim -- an argument that the Court rejects for the

12  reasons stated above.  Devincenzi is therefore granted leave to

13  amend its third-party complaint.

14

15  **V.**   **CONCLUSION**

16      Carrix's Motion to Dismiss is DENIED.  In addition,

17  Devincenzi's request for leave to amend its third-party complaint

18  is GRANTED.  Devincenzi must file the amended third-party complaint

19  within seven (7) days of the date of this Order.

20

21      IT IS SO ORDERED.

22

23      Dated:  March 15, 2010

24                                              UNITED STATES DISTRICT JUDGE

25

26

27

28

9